BLIGHT (PALMER v.). See Case No. 10,-684.

BLIGHT (WICKHAM v.). See Case No. 17,-611.

BLIGHT (WILLINGS v.). See Case No. 17,-765.

BLIGHT'S ASSIGNEES (HUMPHREYS v.). See Case No. 6,870.

BLISS, The A. M. See Case No. 274.

---

## Case No. 1,543.

### In re BLISS.

[1 Ben. 407;[1] 1 N. B. R. 78; Bankr. Reg. Supp. 22; 6 Int. Rev. Rec. 116.]

District Court, S. D. New York. Sept. 19, 1867.

BANKRUPTCY—APPROVAL OF APPOINTMENT OF ASSIGNEE—DUTY OF REGISTER.

1. A register should state to the judge any reasons which he may know to exist, why an assignee elected or appointed should not be approved.

[See In re Clairmont, Case No. 2,781.]

[2. The court should decline to approve an assignee selected by the influence of, or in the interest of, the bankrupt.]

[Cited in Re Wetmore, Case No. 17,466.]

In bankruptcy. In this case, the register certified to the court the question whether, if he was satisfied that the bankrupt [Augustus A. Bliss] had, through his friends, chosen an assignee in his own interest, he should certify his opinion and the grounds of it to the court.

[Decision certified to the register in the affirmative.]

BLATCHFORD, District Judge. [2][At the first creditors' meeting the solicitor for the bankrupt appeared before him, and after waiting a while for the creditors to come in, applied to the register to adjourn the meeting, alleging that one or two creditors had promised to come in and prove their debts, and choose an assignee, and that they had probably forgotten it; but that in case an adjournment was had, he would on the adjourned day have them or one of them present to choose an assignee. He urged that the petitioner had an interest in having a good assignee and that he might properly procure one to be elected, rather than permit him to be appointed by the register. The register entertained no doubt that the granting of an adjournment was a matter resting in the sound discretion of the register, with which this court will not interfere unless it be abusively exercised, nor had he any doubt that the bankrupt had no locus standi from which he could make such a motion, as he is not interested for the creditors and cannot assume or be allowed to act for them without authority. The motion to adjourn was therefore denied. Soon after the bankrupt came in, and with him the two creditors who were

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]
[2] [From 1 N. B. R. 78.]

expected, and they proceeded to prove their claim and elect an assignee.

[In this case it is clear that it was, in effect, the bankrupt who elected the assignee. It is certainly against the policy of the act that a bankrupt should select his assignee, as by electing a fraudulent person or a person disposed to favor him, the rights of the creditors might suffer. It is true that if the creditors do not care sufficiently for the matter to attend to the meeting, they ought not to complain. But still the law is no less brought into contempt. A fraudulent discharge of a debtor, or the discharge of a debtor who does not surrender all his assets, is precisely what those charged with the execution of the law are bound to guard against. If the court could be advised that in any particular case the bankrupt had brought in one or more of his friends, although bona fide creditors, and had by them chosen an assignee, who was also his friend and in his interest, it is clear that the court would withhold its approval. The question upon which the register asks instruction is this: When the register is satisfied that this is the case, shall he certify such his opinion and the grounds of it to the court? and that unless there be a standing rule, requiring him to do so, he would probably feel that his certificate might be deemed supererogative if not impertinent.

[When the register is satisfied that any reasons exist why an assignee elected or appointed should not be approved by the judge, it is his duty to state such reasons fully in submitting to the judge the questions of approval [and this decision will be regarded as a standing rule to that effect. The clerk will certify this decision to the register, Isaiah T. Williams, Esq.].[3]